UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOHN WHITE, ) | |
| Plaintiff, ) | Case No. 5:15cv00079 |
| v. ) | |
| ) | REPORT & RECOMMENDATION |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | By: Joel C. Hoppe |
| ) | United States Magistrate Judge |

This matter is before the Court for a report and recommendation on the motion to dismiss filed by the United States of America. ECF No. 6. The Court held oral argument on April 26, 2016. Having considered the parties' filings, all supporting materials, and the applicable law, I respectfully recommend that the presiding District Judge grant the motion to dismiss and dismiss the action without prejudice for lack of subject-matter jurisdiction.

## I. Background

Plaintiff John White, proceeding *pro se*, brought this action in Virginia state court against Sailaja Rueff for defamation and intentional infliction of emotional distress. The United States of America removed the action to federal court. Pursuant to 28 U.S.C. § 2679(d),[1] the United States Attorney, as the Attorney General's designee, *see* 28 C.F.R. § 15.4(a), certified that Rueff was acting within the scope of her employment at the time of the alleged conduct. Certification, ECF No. 1-2. United States District Judge Michael F. Urbanski dismissed the claims with respect to Rueff, finding that the exclusive remedy was an action against the United States under the

---

1 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his [or her] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Subsection (d)(2) provides for removal of cases from state to federal court and substitution of the United States as the defendant in those cases. 28 U.S.C. § 2679(d)(2).

1

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, and ordered that the United States be substituted for Rueff as the Defendant. ECF No. 5. The United States moved to dismiss the action for lack of subject matter jurisdiction, arguing that the FTCA's limited waiver of sovereign immunity excluded claims for and arising out of defamation. Def's Mem. Supp. Mot. to Dismiss, ECF No. 7. In response, White asserts that Rueff's statements were demonstrably false, and he challenges the certification that Rueff was acting within the scope of her employment. ECF Nos. 9–11. White asks that the Court remand the case to state court so that he may proceed against Rueff. ECF No. 10, at 2; ECF No. 11, at 1.

## II. Statement of Facts

In the summer of 2013—the time of the alleged incident—White was an employee of the Federal Emergency Management Agency ("FEMA"). At that time, Rueff also was an employee of FEMA and one of White's co-workers. Cormack Aff. ¶¶ 4, 6, ECF No. 7-1. In July 2013, Rueff complained to her supervisor, John Cormack, about White's behavior. Report of Investigation 5, ECF No. 9-1. FEMA opened an official investigation into Rueff's complaints, and on August 8, 2013, Rueff was interviewed as part of this investigation at the FEMA office in Winchester, Virginia. Cormack Aff. ¶ 5. According to White's Complaint, she told an investigator that White "'always carries a gun' in the workplace." Compl. 3, ECF No. 1-1. White alleges that Rueff's allegation was false and was proven so during the investigation. *Id.*; *see also* Report of Investigation 6 (noting that the firearm claim was found not substantiated). White also alleges that Rueff intended to inflict emotional distress on him by making this allegation. Compl. 3. White has been on administrative leave since August 8, 2013. *Id.*[2]

---

2 White submitted two Reports of Investigation concerning allegations that he accessed other employees' emails without authorization and took more classes at Johns Hopkins University than were approved. ECF Nos. 11-1, 11-2. Neither report mentions the allegedly defamatory statement at issue in this case.

III. Discussion

The motion to dismiss and White's responses present two threshold issues: (1) whether White's claims for defamation and intentional infliction of emotional distress are barred by sovereign immunity, and (2) whether Rueff was acting within the scope of her employment such that the United States was properly substituted for her as the Defendant in this action. These issues go to the Court's subject matter jurisdiction to decide the merits of the case. *Stephens v. United States*, No. 1:15cv726, 2015 U.S. Dist LEXIS 107523, at *9 (E.D. Va. Aug. 14, 2015). The plaintiff bears the burden of proving subject matter jurisdiction. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). If the Court does not have jurisdiction, it must dismiss the case.

A.   *Immunity from Claims*

The United States is immune from all suits against it unless it has expressly waived sovereign immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA is a limited waiver of sovereign immunity "for certain torts committed by federal employees" while they were acting in the scope of their employment. *FDIC v. Meyer*, 510 U.S. 471, 475, 476–77 (1994) (citing 28 U.S.C. § 1346(b)(1)). The statute imposes tort liability on the United States "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and to the extent that "a private person[] would be liable to the claimant in accordance with the law of the [state] where the act or omission occurred," 28 U.S.C. § 1346(b)(1).

There is an exemption to this waiver of sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). "'Defamation' is simply Virginia's term for libel and slander." *Feliciano v. Reger*

*Group*, No. 1:14cv1670, 2015 U.S. Dist. LEXIS 45229, at *4 (E.D. Va. Apr. 7, 2015). Accordingly, White's claim for defamation falls squarely within this exemption. *See Nimocks v. United States*, Nos. 93-1074 to -1077, 93-1085, 1993 U.S. App. LEXIS 31113, at *3 (4th Cir. Nov. 30, 1993); *Chapman v. Rahall*, No. 5:05cv32, 2006 WL 229180, at *2 (W.D. Va. Jan. 31, 2006) (citing *Johnson v. Carter*, 983 F.2d 1316, 1323 n.9 (4th Cir. 1993) (en banc), *overruled on other grounds by Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995)).

A claim for intentional infliction of emotional distress, however, is not expressly excluded from the waiver. *Harms v. United States*, No. 91-2627, 1992 U.S. App. LEXIS 20374, at *11 (4th Cir. Aug. 24, 1992); *Chapman*, 2006 WL 229180, at *2. Such a claim may nonetheless be barred where it arises out of "'conduct that would establish an excepted cause of action.'" *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (quoting *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993)); *accord Harms*, 1992 U.S. App. LEXIS 20374, at *13–14. In his Complaint, White asserts that Rueff's allegedly defamatory statements were intended to cause him emotional distress. He cites no other conduct in support of the claim. It is thus inescapable that the conduct giving rise to White's claims for defamation and intentional infliction of emotional distress is the same. Accordingly, both claims fall within the exemption to the waiver of sovereign immunity. *See Harms*, 1992 U.S. App. LEXIS 20374, at *14–15; *Chapman*, 2006 WL 229180, at *2.

B.  *Substituting the United States as the Party Defendant*

If the United States, which retains sovereign immunity for the claims asserted by White, was properly substituted for Rueff, then this action must be dismissed.

> When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1). Once this certification has been made, the United States

4

is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the [FTCA]. For many torts the United States has not waived its sovereign immunity through the [FTCA] and therefore, the plaintiff cannot recover from the federal government despite the merits of his or her claim. *See* 28 U.S.C. § 2680(h); *see also, e.g., Johnson v. Carter*, 983 F.2d at 1323 n.9 (dealing with defamation, for which the United States has not waived its sovereign immunity); *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991) (stating that the United States cannot be sued for certain intentional torts). However, even in cases where the United States has not waived its immunity, the United States must still be substituted and the individual defendant still remains immune from suit if the tort occurred within the scope of employment. The plaintiff, despite the seeming unfairness, cannot proceed against the individual defendants. *See United States v. Smith*, 499 U.S. 160, 165, 113 L. Ed. 2d 134, 111 S. Ct. 1180 (1991); *Johnson*, 983 F.2d at 1323–24; *Brown*, 949 F.2d at 1012–13 (affirming substitution of United States for individual defendants even though plaintiffs were barred by sovereign immunity from actually recovering from United States for intentional torts at issue).

*Maron v. United States*, 126 F.3d 317, 321–22 (4th Cir. 1997).

Certification by the United States Attorney amounts to prima facie evidence that an employee was acting within the scope of her employment at the time of the incident. *Id.* at 323. When the plaintiff presents persuasive evidence that refutes the certification, the United States may present evidence to support its conclusion. *Id.* Where facts are in dispute, the court may allow discovery on the scope of employment and hold an evidentiary hearing. *Gutierrez de Martinez v. D.E.A.*, 111 F.3d 1148, 1155 (4th Cir. 1997). Resolution of the scope of employment question is a matter for the district court, even when facts are in dispute. *Id.* (explaining that plaintiffs are not entitled to a jury trial on the scope of employment certification). The plaintiff carries the burden of proving, by a preponderance of the evidence, that the person was not acting within the scope of her employment. *Maron*, 126 F.3d at 323.

In evaluating whether a person was acting within the scope of her employment at the time of an incident, courts apply the law of the state where the conduct occurred, *Gutierrez*, 111 F.3d at 1156, which in this case was Virginia.

5

> Under Virginia law, an employee acts within the scope of [her] employment if:
>
> "(1) [The act] was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, 'and did not arise wholly from some external, independent, and personal motive on the part of the [employee] to do the act upon [her] own account.'"

*Id*. (quoting *Kensington Assocs. v. West*, 362 S.E.2d 900, 901 (Va. 1987)) (citations omitted).

Each party submitted evidence regarding whether Rueff was acting within the scope of her employment, ECF Nos. 7-1, 9-1, and neither requested the opportunity to submit additional evidence. The investigative reports submitted by White and Cormack's Affidavit submitted by the United States present a consistent narrative—one which confirms the certification that Rueff was acting within the scope of her employment at the time of the alleged incident. Rueff and White were FEMA employees and co-workers. FEMA conducted an official investigation into complaints about White's behavior at work. Rueff was interviewed as part of this investigation and allegedly made the defamatory statements for which White seeks redress in this action. This undisputed evidence shows that the allegedly defamatory statements were made by one FEMA employee about another in the context of an agency investigation of behavior at work. Thus, I find that White has not presented persuasive evidence demonstrating that Rueff was not acting within the scope of her employment when she allegedly made the defamatory statements. Accordingly, I recommend upholding the United States Attorney's certification and substitution of the United States for Rueff as the Defendant in this action.

Because the United States is immune from suit for claims of defamation and intentional infliction of emotional distress arising out of the allegedly defamatory statements, this action must be dismissed.

6

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** the Motion to Dismiss, ECF No. 6, and **DISMISS** the action **without prejudice**.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the parties.

ENTER: April 29, 2016

Joel C. Hoppe
United States Magistrate Judge